IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RICHARD B. MARTIN, JR. | * | |
| Plaintiff | * | |
| v | * | Civil Action No. RDB-16-1890 |
| MIDGE HARSHMAN | * | |
| Defendant | * | |

**MEMORANDUM OPINION**

Richard Martin ("Martin"), a resident of Boston, Massachusetts, filed a personal injury action against Midge Harshman, his grandmother, who resides in Mount Airy, Maryland. Martin seeks $10,000,000 in damages and alleges she has subjected him to "defamation using demonic methods." ECF No. 1-2. He does not specify actual events, but insinuates that Defendant has "defamed me by telling others that I am mentally ill and require medication," in order to "cover up" his father's "history of sexual abuse and to prevent me from inheriting my share of the family fortune."[1] ECF No. 1 at p. 3. Martin, who is self-represented, filed this Complaint on June 6, 2016. ECF No. 1. He will be granted leave to proceed in forma pauperis because the financial affidavit accompanying his Complaint indicates that he has no source of income. ECF No. 2.

**Background**

This lawsuit represents the ninth action brought by Martin against those involved in his criminal case[2] as well as family members against whom he alleges tortious misconduct.[3] He is

---

[1] Martin has sued his father in a separate action, *Martin v. Martin*, Civil Action No. ELH-16-1732 (D. Md.).

[2] Martin was released after four months of incarceration; his probation ended in 2014. *See* Civil Action No. PWG-15-2429, ECF No. 1 at 7. The case is not listed on Maryland's electronic docket. Exhibits provided with the

authorized to proceed under 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in federal court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires a district court to dismiss any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). In this context, this Court is mindful of its obligation to liberally construe the pleadings of pro se litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, a plaintiff's allegations are assumed to be true. *Id*. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . . It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989). Thus, this court is obligated to examine the tort claim outlined in the Complaint.

Liberal construction of Martin's Complaint, however, does not save it from early dismissal. He states that ever since 2008, when he "was attempting to reconcile with a former

---

complaint in Civil Action No. PWG-15-2429 suggest the case of *State of Maryland v. Richard Martin*, Case No. 112136, prosecuted in the Circuit Court for Montgomery County, Maryland, arose when a local dentist, Kim Hoa Lam, complained that Martin was stalking her. *Id.,* ECF No. 1-15 and Indictment, ECF No. 1-14. As a result of a criminal investigation and indictment, Martin pleaded guilty in Montgomery County Circuit Court to harassment and fourth-degree burglary, for which he was sentenced to six months of incarceration.

[3] *See Martin v. Walsh,* Civil Action No. GJH-15-2302 (D. Md.); *Martin v. The State's Attorney's Office of Montgomery Co., et al.,* Civil Action No. PWG-15-2429 (D. Md.); *Martin v. Baltimore City Police,* Civil Action No. GJH-15-2430 (D. Md.); *Martin v. Montgomery Co. Dept. of Police, et al.,* Civil Action No. GJH-15-2431; *Martin v. Maryland Courts, et al.,* Civil Action No. GJH-15-2432 (D. Md.); *Martin v. McGann,* Civil Action No. PJM-16-1609; *Martin v. Walsh,* Civil Action No. PJM-16-1732 (D. Md.); and *Martin v. Martin,* Civil Action No. ELH-16-1732 (D. Md.). With one exception, each case was summarily dismissed on initial review.

girlfriend," leading to his arrest, and later reported to police that his father "inappropriately touched" Martin's cousins, Defendant "has continually defamed me by telling everyone that I am mentally ill and need medication." ECF No. 1 at 2.

In Maryland, a one-year statute of limitations for defamation is applicable to the case at bar. *See* Md. Code Ann., Cts. & Jud. Proc., § 5-105. Thus, any alleged defamation occurring prior to June 6, 2015 is time-barred.

Further, Martin provides no facts demonstrating when defamatory statements were made or to whom, making it impossible for Defendant to defend against this suit. *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, the Complaint fails to state a claim upon which relief may be granted.

Title 28 U.S.C. §1915(e)(2) obligates federal courts to dismiss cases at *any time* if the action is legally frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. For the reasons stated, the case is subject to dismissal. A separate Order follows.

 June 9, 2016                                     __/s/_____
Date                                                            RICHARD D. BENNETT
                                                                UNITED STATES DISTRICT JUDGE